In the matter of the exceptions to the account of the administrators of DANIEL P. MERCHANT, deceased.

1. A widow whose dower has not been assigned, and who remains on the homestead farm of her husband, is entitled to the crops grown thereon after her husband's death.

2. Administrators held to account for lambs, the produce of sheep belong-

ing to the estate, born after the intestate's death, and for the wool shorn from the sheep after his death, and also for the net proceeds of the sale of milk from his cows.

Appeal from decree of Morris orphans court.

*Mr. A. W. Cutler*, for appellants.

*Mr. J. H. Neighbour*, for respondents.

THE ORDINARY.

Daniel P. Merchant died March 20th, 1880, intestate. His sons, Silas and Frank, and his daughter, Mrs. Hughson, were appointed administrators of his estate. His widow survived him, and was still living when the final account of the administrators was filed. He owned a farm and personal property (farming implements, horses, cattle and sheep &c.) upon it.

After his death his widow continued to reside on the farm, and did so as long as she lived. There were, when Mr. Merchant died, mortgages upon the farm and levies upon some of the personal property under executions issued upon judgments against him. The sheriff and the administrators sold the personal property together in February, 1881, nearly a year after his death. In that month the administrators made a report to the orphans court of personal assets and claims filed, showing a deficiency of about $7,000, and asked for an order to sell the farm, which was the only real property owned by the intestate. An order to sell was made, and the property was sold in September, 1882. In February of that year, the administrators filed their account, by which it appeared that the estate would not pay more than fifty cents upon the dollar of the debts. To that account some of the creditors filed exceptions. Upon the hearing thereof, the court held that the administrators should be charged with the value of so much of the crops of the farm produced in the year next succeeding the death of Mr. Merchant as, under an arrangement made by Mrs. Hughson with Moses Tucker (who tilled the farm on shares), was to belong to the person or persons whom she represented in the arrangement, allowing, however, the expenses of

marketing it.    Also that they should be charged with the value of sixty-one lambs not inventoried, sold by Mrs. Hughson in August and October, 1880, the produce of sheep belonging to the intestate; and also with the value of wool from the sheep which belonged to the intestate, clipped and sold after his death. Also that they should be charged with the proceeds from April, 1880, of the sale (on a milk route) of milk from the cows belonging to the intestate, and served to customers by means of wagons and horses of the estate.

It appears by the testimony that the agreement with Tucker was made after the intestate's death by Mrs. Hughson, who acted in the matter in behalf of the widow, with whom she lived in the homestead.  The widow's dower was never assigned.  By the statute she was entitled to remain in and hold and enjoy the mansion-house of her husband and the messuage or plantation thereto belonging until her dower should be assigned to her, without being liable to pay any rent therefor.    *Rev. p. 320 § 2.*    She was, therefore, entitled to the crops.

Mrs. Hughson sold, in the summer and fall of 1880, sixty-one lambs, the produce of sheep of the intestate, and received therefor $244.    The administrators urge that, in charging themselves with the amount of the inventory, they have charged themselves with all that they should answer for with respect to those lambs. The inventory contains an item of sixty-one sheep, appraised at $6 each.    No lambs are inventoried.    The appraisers say that the appraised value of the sheep included that of the lambs; that they valued the sheep at $4 each, and the lambs at $2 each, but inventoried the former only, and appraised them at the value of both.    It is proved that the sheep were worth $6 apiece.    It appears that fifty-six of them were bid in at the sale for Mrs. Hughson, at $5.50 apiece. The administrators should be charged with the value of the lambs.

The wool sheared from the sheep belonged to the estate, and the administrators should account for it.

As to the milk, they should account for the net profits made from the sale of the milk, but not for the gross amount of money received from the sales.    The net profit for the time during

Merchant's Case.

which the business was carried on, with the property of the estate, after the taking out of the letters of administration up to the time of the sale of the personal property, may be fairly put at the sum of $450, and with that amount the administrators should be charged.

The result is that the administrators should not be charged with the crops, but should be charged with the money received for the lambs, $244, and the money received for the wool, $80, and the net profits of the milk business, $450. The decree will be reversed, with costs, and the record remitted to the orphans court.